**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ALBERTO SHAR HERNANDEZ, | No.    16-70316 |
| Petitioner, | Agency No. A200-158-256 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020**

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Juan Alberto Shar Hernandez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Shar Hernandez failed to establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Shar Hernandez's asylum claim fails.

Because Shar Hernandez failed to establish eligibility for asylum, in this case, he did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Shar Hernandez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if he returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's April 26, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.

16-70316